**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| GEORGE W. QUEEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-02237-LKG |
| v. ) | |
| ) | Dated:  September 3, 2025 |
| LVNV FUNDING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this civil action, the Plaintiff, George W. Queen, Jr., brings federal and state law claims against the Defendants, LVNV Funding, LLC ("LVNV"), Experian Information Solutions LLC ("Experian") and Equifax Information Services LLC ("Equifax"), arising from certain alleged inaccurate credit reporting and improper debt collection practices related to his accounts, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201, *et seq.*; the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-301, *et seq.*; the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681e(b); and Maryland law. *See generally* ECF No. 24. Defendant LVNV has moved to dismiss the claims brought against it in the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 28. Defendant Equifax has also moved to dismiss the claims brought against it in the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 29.

These motions are fully briefed. ECF Nos. 28, 29, 34, 35, 36 and 39. No hearing is necessary to resolve the motions. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** Defendant LVNV's motion to dismiss (ECF No. 28); (2) **GRANTS**

Defendant Equifax's motion to dismiss (ECF No. 29); and (3) **DISMISSES** the amended complaint as to Defendants LVNV and Equifax.[1]

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

### A.    Factual Background

In this civil action, the Plaintiff brings federal and state law claims against the Defendants arising from alleged inaccurate credit reporting and improper debt collection practices related to his accounts. *See generally* ECF No. 24. Specifically, the Plaintiff alleges the following seven claims in the amended complaint: (1) violation of the FDCPA against LVNV (Count I); (2) violation of the MCDCA against LVNV (Count II); (3) violation of the MCPA against LVNV (Count III); (4) violation of Section 1681e(b) of the FCRA against Equifax and Experian (Count IV); (5) violation of Section 1681i(a) of the FCRA against Equifax and Experian (Count V); (6) violation of Section 1681s-2(b) of the FCRA against LVNV (Count VI); and (7) defamation against LVNV (Count VII). *See id.* at ¶¶ 29-81. As relief, the Plaintiff seeks to recover, among other things, monetary damages, punitive damages and attorneys' fees and costs from the Defendants. *Id.* at Prayer for Relief.

The Parties

Plaintiff George W. Queen, Jr. resides in the State of Maryland. *Id.* at ¶ 2.

Defendant LVNV is a debt collector. *Id.* at ¶ 3.

Defendant Equifax is a credit reporting agency ("CRA"). *Id.* at ¶ 4.

Defendant Experian is a CRA. *Id.* at ¶ 5.

Case Background

As background, the Plaintiff had consumer loan debt (the "Alleged Debts") with Navy Federal Credit Union. *Id.* at ¶ 11. The Plaintiff alleges that Navy Federal Credit Union "informed the Plaintiff that it sold [the Alleged Debts] . . . to another company." *Id.* at ¶ 15.

The Plaintiff also alleges that LVNV reported to two CRAs, Equifax and Experian, that it "purchased the Alleged Debts which [the] Plaintiff allegedly owed to Navy Federal Credit Union

---

[1] To date, Defendant Experian has not answered, or otherwise responded to, the amended complaint. And so, it is not clear to the Court whether the Plaintiff intends to pursue his claims against this Defendant.

[2] The facts recited in this memorandum opinion are taken from the amended complaint; the Defendants' respective motions to dismiss; and the memoranda in support thereof. ECF Nos. 24, 28, 28-1, 29 and 29-1.

. . . and that the Plaintiff now owes the Alleged Debts to LVNV." *Id*. at ¶ 11. But, the Plaintiff alleges that he has never had an account with LVNV, has never been indebted to LVNV, and that LVNV "admitted that it had no documentation . . . to verify the Plaintiff opened an account." *Id.* at ¶¶ 7-8 and 10. The Plaintiff also alleges that LVNV has never provided any proof to him that it owns the Alleged Debts, or that it has the legal right to collect on the Alleged Debts. *Id*. at ¶ 19.

Given this, the Plaintiff contends that he has no obligation to pay LVNV any amount toward the outstanding Alleged Debts, until he receives proof that LVNV has the legal right to collect on the Alleged Debts or owns this debt. *Id.* at ¶¶ 20-22. And so, the Plaintiff further contends that LVNV violated federal and state law, by: (1) inaccurately reporting that it owned the Alleged Debts; (2) inaccurately reporting the "date opened" for the Alleged Debts; and (3) failing to "report the [Alleged Debts] as disputed when it was actively disputed by Plaintiff." *Id*. at ¶¶ 18 and 23-24.

In addition, the Plaintiff alleges that he submitted disputes to Experian and Equifax, "stating that the reporting by LVNV of the Alleged Debts is inaccurate." *Id.* at ¶ 25. In this regard, the Plaintiff alleges that Experian and Equifax did not conduct a reasonable investigation and only repeated the information given to them by LVNV. *Id.* at ¶¶ 26-28. And so, the Plaintiff contends that Experian and Equifax also violated federal and state consumer protection laws by failing to reasonably investigate his dispute regarding the Alleged Debts. *Id*. at ¶¶ 25, 28 and 46-74.

Specifically, in Count I of the amended complaint, the Plaintiff asserts a FDCPA claim against LVNV and he alleges that LVNV: (1) violated 15 U.S.C. §§ 1692e and 1692f, by reporting the Alleged Debts on the Plaintiff's credit report and attempting to collect on debts that it had no right to collect on; (2) violated 15 U.S.C. § 1692e(8), by communicating information about the Alleged Debts to the CRAs that LVNV knew or should have known was false; and (3) violated 15 U.S.C. § 1692e(8), by failing to communicate to the CRAs that the Plaintiff disputed the Alleged Debts. *Id*. at ¶¶ 29-35. In Count II of the amended complaint, the Plaintiff asserts a MCDCA claim against LVNV and he alleges that LVNV violated this statute by: (1) violating the FDCPA; (2) "claiming that it could collect payment from [the] Plaintiff for the Alleged Debts;" and (3) "claiming [that the] Plaintiff was liable to [LVNV] for the Alleged Debts." *Id*. at ¶¶ 36-39. In addition, in Count III of the amended complaint, the Plaintiff asserts a MCPA claim

3

against LVNV and he alleges that LVNV violated the MCPA, "by violating the MCDCA as described in Count Two." *Id*. at ¶ 43.

The Plaintiff also asserts several FCRA claims against the Defendants. In Count IV of the amended complaint, the Plaintiff alleges that Experian and Equifax violated Section 1681e(b) of the FCRA, by failing to establish and utilize reasonable procedures to "furnish [the] Plaintiff's credit reports with maximum accurate information." *Id*. at ¶ 54. In Count V of the amended complaint, the Plaintiff also alleges that Equifax and Experian violated Section 1681i(a) of the FCRA by: (1) failing to conduct a reasonable investigation of the Plaintiff's disputes; (2) failing to "delete the inaccurate tradeline after it could not verify that LVNV Funding was the owner of the debt or had the legal right to collect on" the Alleged Debts; and (3) failing to modify the reporting of the Alleged Debts to reflect the accurate date of the account opening. *Id*. at ¶¶ 58, 62 and 63.

In addition, in Count VI of the amended complaint, the Plaintiff alleges that LVNV violated Section 1681s-2(B) of the FCRA, because: (1) LVNV failed to "fully and properly investigate [the] Plaintiff's disputes; (2) LVNV [failed] to review or consider all relevant information provided by the CRAs;" and (3) LVNV's procedure of either matching information LVNV had previously reported, or matching "information that it has in its computer file," was unreasonable  *Id*. at ¶¶ 70-71. Lastly, the Plaintiff alleges in Count VII of the amended complaint that LVNV defamed him, by reporting inaccurate information to the CRAs and that such reporting "constituted defamatory statements," because the reportings were "injurious to [his] financial profile." *Id*. at ¶¶ 76-78. And so, the Plaintiff seeks to recover monetary damages, punitive damages, attorneys' fees and costs from the Defendants. *Id*. at Prayer for Relief.

  **B. Procedural History**

The Plaintiff commenced this matter on August 1, 2024, and he amended the complaint on November 22, 2024. ECF Nos. 1 and 24. On December 16, 2024, LVNV and Equifax filed their respective motions to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 28, 28-1, 29 and 29-1.

On February 10, 2025, the Plaintiff filed responses in opposition to the Defendants' respective motions. ECF Nos. 34, 34-1, 35 and 35-1. On February 24, 2025, LVNV filed a reply brief. ECF No. 36. Equifax filed a reply brief on March 3, 2025. ECF No. 39.

4

The Defendants' respective motions to dismiss having been fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS
### A.  Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### B.  The FCRA

Congress enacted the FCRA to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  The FCRA regulates how CRAs collect and transmit credit-related information to ensure accuracy, and allows consumers to challenge entries they believe are inaccurate or incomplete. *See Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 414-15 (4th Cir. 2001); 15 U.S.C. § 1681i.  In addition to regulating CRAs, the FCRA imposes duties on "furnishers of information" and prohibits any person from providing information to a CRA that they know is inaccurate. *See Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 147-48 (4th Cir. 2008) (citing 15 U.S.C. § 1681s-2(a)).

To state a claim under Section 1681e or 1681i of the FCRA, a plaintiff must show that: "(1) the consumer report contains inaccurate information and (2) the reporting agency did not

follow reasonable procedures to assure maximum possible accuracy." *Dalton*, 257 F.3d at 415. The Plaintiff bears the burden of showing the investigation was unreasonable. *Alston v. United Collections Bureau, Inc.*, No. CIV.A. DKC 13-0913, 2014 WL 859013, at *7 (D. Md. Mar. 4, 2014) (citing *Johnson v. MBNA A.M. Bank, NA*, 357 F.3d 426, 429-31 (4th Cir. 2004)). In this regard, the United States Court of Appeals for the Fourth Circuit has held that "to determine reasonableness, 'the cost of verifying the accuracy of the information' should be weighed against 'the possible harm of reporting inaccurate information.'" *Id*. (citing *Johnson*, 357 F.3d at 432).

Courts distinguish factual inaccuracies—which may support a claim under the FCRA—from legal disputes over the validity of a debt, which do not state a claim under the statute. *See Wilcox v. Servis One, Inc*., No. CV RDB-19-2535, 2020 WL 4903893, at *3 (D. Md. Aug. 19, 2020); *Ziyadi v. Deserve Inc.*, No. 24-CV-01134-LKG, 2025 WL 1899425, at *3 (D. Md. July 9, 2025). In this regard, the Fourth Circuit has held that "[c]laims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks' because the creditor is not a party to the suit." *See Saunders*, 526 F.3d at 150. And so, "multiple courts have explained that a CRA has no obligation to resolve legal disputes between a consumer and a creditor." *Alston v. Branch Banking & Tr. Co*., No. GJH-15-3100, 2016 WL 4521651, at *10 (D. Md. Aug. 26, 2016) (citing cases); *see also Wilcox*, 2020 WL 4903893, at *3-4; *Ziyadi*, 2025 WL 1899425, at *5.

### C.  The FDCPA

The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To state a claim for relief under the FDCPA, a plaintiff's complaint must allege facts that show: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (citation omitted); *see also Smith v. Cohn, Goldberg & Deutsch*, *LLC*, 296 F. Supp. 3d 754, 758 (D. Md. 2017) (citation omitted). In this regard, the FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). And so, to state a claim under the FDCPA, a plaintiff must allege facts that show the debt was incurred primarily for personal, family, or household

6

purposes. *See Piper v. Meade & Assocs.*, 282 F. Supp. 3d 905, 912 (D. Md. 2017) (dismissing the plaintiff's FDCPA claim because the plaintiff failed to allege facts that show that the debt was incurred for "personal, family, or household purposes"); *Alston v. Cavalry Portfolio Servs., LLC*, No. 8:12-CV-03589-AW, 2013 WL 665036, at *3 (D. Md. Feb. 22, 2013) (same).

In addition, the FDCPA defines a "debt collector" as any person that is not a creditor and:

> uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Given this, the Fourth Circuit has explained that a debt collector is someone who falls into any of the following three categories: "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016), *aff'd*, 137 S. Ct. 1718 (2017) (emphasis omitted). And so, to state a claim under the FDCPA, a plaintiff must also allege that the defendant is a debt collector as defined by the FDCPA. *See Saunders v. Cap. One Bank (USA), N.A.*, No. 8:18-CV-03222-PWG, 2019 WL 2869655, at *4 (D. Md. July 3, 2019); *Thompson v. JP Morgan Chase Bank, N.A.*, No. CIV. WDQ-13-1982, 2014 WL 4269060, at *3-4 (D. Md. Aug. 27, 2014) (citation omitted).

### D. The MCDCA And The MCPA

To state a plausible MCDCA claim, a plaintiff must allege facts to show that: "(1) the debt collector 'did not possess the right to collect the amount of debt sought'; and (2) the debt collector 'attempted to collect the debt knowing that [it] lacked the right to do so.'" *Chavis v. Blibaum & Assocs., P.A.*, 264 A.3d 1254, 1265 (Md. 2021), *reconsideration denied*, (Sept. 28, 2021) (citation omitted). To prove a MCPA claim, a plaintiff must also allege facts to show: "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (citation omitted). And so, where a plaintiff bases their MCPA claim upon a violation of the MCDCA and the plaintiff fails to state a violation of the MCDCA, the MCPA claim must also fail. *Austin v. Lakeview Loan Servicing, LLC*, No. CV RDB-20-1296, 2020 WL 7256564, at *5 (D. Md. Dec. 10, 2020); *Dainty v. Wells Fargo Bank, N.A.*, No. TDC-16-2755, 2017 WL 750478, at *5 (D. Md. Feb. 24, 2017), *aff'd*, 708 F. App'x 117 (4th Cir. 2018) ("Because [the plaintiff] does not

7

have a plausible claim for a violation of the MCDCA, the Motion to Dismiss the MCPA claim under section 13-301(14) is granted.").

Relevant here, 15 U.S.C. § 1681t(b)(1)(F) provides that "no requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . Section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). "Congress's intent in § 1681t(b) is clear that § 1681s–2(a)(1)(A) preempts any state law claims related to such knowing disclosures." *Alston v. Equifax Info. Servs., LLC*, No. GLR–13–934, 2014 WL 580148, at *5 (D. Md. Feb. 11, 2014). Given this, such state law claims "run[] into the teeth of the FCRA preemption provision" and are "squarely preempted by the plain language of the FCRA." *Ross v. F.D.I.C.*, 625 F.3d 808, 813 (4th Cir. 2010). This Court has also held that, "[u]nder the statutory approach, as consistently applied by this Court . . . state statutory claims arising from reporting inaccurate information to credit reporting agencies are 'squarely preempted by the plain language of the FCRA.'" *White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d 867, 872 (D. Md. 2015) (quoting *Ross*, 625 F.3d at 813). And so, this Court has dismissed MCDCA and MCPA claims based on allegedly inaccurate credit reporting as preempted under the FCRA. *See id.*; *Magruder v. Educ. Sys. Fed. Credit Union*, 194 F. Supp. 3d 386, 388-89 (D. Md. 2019); *Brown v. Credit One Bank, N.A.*, No. 23-CV-2512-PX, 2024 WL 3993194, at *3 (D. Md. Aug. 28, 2024).

### E. Defamation Claims

Lastly, Maryland courts have held that, "[t]o establish a prima facie case of defamation . . . the plaintiff must show: (1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Indep. Newspapers, Inc. v. Brodie*, 966 A.2d 432, 448 (Md. 2009) (citation and internal quotation marks omitted). The plaintiff bears the burden of proving that an allegedly defamatory statement is false. *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012) (citation omitted). Relevant here, the FCRA provides that:

> no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency,

8

> based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).  And so, "Section 1681h(e) [of the FCRA] is implicated [when a] [p]laintiff's defamation claim involves 'the reporting of information,' and is brought against a 'person who furnished information to a consumer reporting agency.'" *Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471, 479 (D. Md. 2006).

In this regard, "Section 1681h(e) prevents a plaintiff from bringing a defamation action against a furnisher of information, 'except as to false information furnished with malice or willful intent to injure such consumer.'" *Id*. (citing 15 U.S.C. § 1681h(e)) (emphasis omitted). "To establish malice, [the] Plaintiff must allege that a defendant published material while entertaining serious doubts as to the truth of the publication or with a high degree of awareness of probable falsity." *Id*. at 480 (citation omitted).  In addition, this Court has held that a plaintiff sufficiently alleges willfulness when a complaint alleges facts that show that a defendant "knowingly and intentionally committed an act in conscious disregard for the rights of others." *Id*. at 479 (citation omitted).

## IV. ANALYSIS

LVNV and Equifax have moved to dismiss the claims brought against them in this civil action, pursuant to Fed. R. Civ. P. 12(b)(6), upon several grounds.  First, LVNV argues that the amended complaint fails to state a plausible claim for relief under the FDCPA, because the amended complaint lacks facts to show that: (1) the Alleged Debts constitutes debts that are primarily for personal, family or household purposes; (2) LVNV is a debt collector as defined under the FDCPA; and (3) LVNV violated the FDCPA.  ECF No. 28-1 at 7-9.  LVNV and Equifax also seek the dismissal of the Plaintiff's FCRA claims, because the amended complaint lacks facts to show that LVNV reported inaccurate information about the Alleged Debts, or that any investigation performed by LVNV and Equifax were unreasonable.  ECF No. 28-1 at 9-11; ECF No. 29-1 at 3-5.

In addition, Equifax argues that the Court should dismiss the Plaintiff's FCRA claim against it, because the Plaintiff has not alleged any factual inaccuracy regarding the Alleged Debts and this case involves a legal dispute between the Plaintiff and LVNV.  ECF No. 29-1 at 5-6.  With regards to the Plaintiff's MCDCA and MCPA claims, LVNV also argues that these claims are not plausible, because they are preempted by the FCRA and fail as a matter of law.

9

ECF No. 28-1 at 11-15.  Lastly, LVNV argues that the Court should dismiss the Plaintiff's defamation claim against it, because the amended complaint lacks factual allegations to show that LVNV reported any inaccurate information, or that LVNV acted with malice or willful intent to injure the Plaintiff.  *Id*. at 15.  And so, the Defendants request that the Court dismiss the claims brought against them in the amended complaint.  *See id.* at 15; *see* ECF No. 29-1 at 8.

In his responses in opposition to the Defendants' motions to dismiss, the Plaintiff counters that the Court should not dismiss his claims, because the amended complaint contains sufficient factual allegations to show inaccuracies regarding the Alleged Debts, an unreasonable investigation by LVNV and Equifax, and an "ownership dispute with a debt collector."  ECF No. 34-1 at 1-3; ECF No. 35-2 at 12-13.  The Plaintiff also argues that the dismissal of his FDCPA claim is unwarranted, because the amended complaint makes clear that the Alleged Debts constitute consumer debts as defined by the FDCPA and that LVNV is a debt collector.  ECF No. 35-1 at 2-12.  Lastly, the Plaintiff argues that the Court should not dismiss his MCDCA and MCPA claims, because these claims are not preempted by the FCRA and the claims are sufficiently alleged in the amended complaint.  *Id*. at 13-15.  And so, the Plaintiff requests that the Court deny the Defendants' motions to dismiss.  *Id*. at 15; ECF No. 34-1 at 3.  Alternatively, the Plaintiff seeks leave to further amend the complaint.  *See id*.

For the reasons that follow, a careful reading of the amended complaint makes clear that the Plaintiff fails to state plausible FCRA claims in this case, because the amended complaint lacks sufficient factual allegations to show that his consumer report contains inaccurate information.  A careful reading of the amended complaint also makes clear that the Plaintiff fails to state a plausible FDCPA claim against LVNV, because this pleading lacks facts to show that: (1) the Alleged Debts are debts that are primarily for personal, family or household purposes; (2) LVNV is a debt collector as defined under the FDCPA; and (3) LVNV violated the FDCPA.

The amended complaint also makes clear that the Plaintiff's MCDCA and MCPA claims are not plausible, because these claims are preempted by the FCRA and the Plaintiff fails to state a claim under these statutes.  Lastly, the amended complaint makes clear that the Plaintiff fails to state a claim for defamation in this case, because the amended complaint lacks factual allegations to show that LVNV reported a false statement, or that LVNV acted with malice or willful intent to injure the Plaintiff.  And so, the Court: (1) GRANTS Defendant LVNV's motion to dismiss

(ECF No. 28); (2) GRANTS Defendant Equifax's motion to dismiss (ECF No. 29); and (3) DISMISSES the amended complaint as to Defendants LVNV and Equifax..

### A. The Plaintiff Fails To State A FCRA Claim

As an initial matter, a careful reading of the amended complaint shows that the Plaintiff fails to state a claim for violations of the FCRA in this case. To state a claim under Sections 1681e and 1681i of the FCRA, the Plaintiff must allege facts to show that: "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton*, 257 F.3d at 415. The Plaintiff also bears the burden of showing the investigation was unreasonable. *Alston*, 2014 WL 859013, at *7 (citing *Johnson*, 357 F.3d at 429-31).

In this case, the Plaintiff fails to state a plausible FCRA claim against LVNV and Equifax in Counts IV, V and VI of the amended complaint for several reasons. First, the Plaintiff fails to allege facts that, taken as true, show that his consumer report contained inaccurate information about the Alleged Debts. In the amended complaint, the Plaintiff alleges that LVNV incorrectly reported to Equifax and Experian: (1) the "date opened" for the Alleged Debts; (2) that LVNV owns the Alleged Debts; and (3) the status of the Alleged Debts, without also reporting that the Plaintiff "disputed" the Alleged Debts. ECF No. 24 at ¶¶ 18 and 23- 24. But, the amended complaint lacks facts to show that the information in his consumer report was actually inaccurate.

For example, while the Plaintiff alleges that LVNV reported an incorrect date for the opening of his account, he does not allege any facts in the amended complaint to show why this date was inaccurate. *See generally id*. Nor does the Plaintiff allege facts to show the correct date for the opening of his account. *See generally id*.

The amended complaint also lacks facts to show that the information in his consumer report is inaccurate, because LVNV does not own the Alleged Debts. *See generally id*. In the amended complaint, the Plaintiff alleges that LVNV did not provide proof of ownership of his account. *Id*. at ¶ 19. But, taken as true, this factual allegation does not establish that LVNV does not actually own the Alleged Debts.

In addition, as LVNV correctly observes, the amended complaint lacks facts to show when the Plaintiff disputed his account, or that LVNV elected to report the account without noting any such dispute. *See generally id*. *See* ECF No. 28-1 at 6-7. And so, when read in the

light most favorable to the Plaintiff, the amended complaint simply lacks sufficient facts to show that there is inaccurate information about the Alleged Debts in the Plaintiff's consumer report.

A careful reading of the amended complaint also shows that this pleading lacks sufficient factual allegations to show that LVNV or Equifax failed to conduct a reasonable investigation of the Plaintiff's dispute and that these Defendants failed to follow reasonable procedures in reporting the Plaintiff's financial information. *See generally* ECF No. 24. To state a plausible claim for relief under Section 1681s-2(b), the amended complaint must provide some detail about the nature of the Plaintiff's dispute, so that the Court can reasonably infer that the Defendants' investigation was unreasonable. *See Tolson v. Democracy Fed. Credit Union*, No. 8:19-CV-01800-PX, 2020 WL 406939, at *2 (D. Md. Jan. 24, 2020) (granting the defendant's Rule 12(b)(6) motion to dismiss for failure to allege facts suggesting the defendant's investigation was unreasonable).

But, here, the amended complaint contains no factual allegations to show that LVNV and Equifax conducted an unreasonable investigation of the Plaintiff's dispute. *See* ECF No. 24. In fact, there are no factual allegations in the amended complaint to show when and how the Plaintiff disputed the information about his account. *See id.* Given this, it is simply not possible for the Court to ascertain the nature of the Plaintiff's alleged dispute, or how LVNV's or Equifax's investigation of this dispute could have been unreasonable. *See Alston*, 2014 WL 859013, at *7 (citing *Johnson*, 357 F.3d at 432).

Simply put, the Plaintiff does not state a plausible FCRA claim in Counts IV, V or VI of the amended complaint. And so, the Court GRANTS the Defendants' respective motions to dismiss the Plaintiff's FCRA claims and DISMISSES Counts IV, V and VI of the amended complaint as to LVNV and Equifax.

### B.  The Plaintiff Fails To State A FDCPA Claim

A careful reading of the amended complaint also shows that the Plaintiff fails to state a plausible claim under the FDCPA in this case. To state a claim under the FDCPA, the Plaintiff must allege facts to show that: "(1) [he] has been the object of collection activity arising from consumer debt; (2) [LVNV] is a debt collector as defined by the FDCPA; and (3) [LVNV] has engaged in an act or omission prohibited by the FDCPA." *Boosahda*, 462 F. App'x at 333 n.3; *see also Smith*, 296 F. Supp. 3d at 758 (citation omitted). To establish that the collection activity arises from a consumer debt, the Plaintiff must also allege facts that show that the Alleged Debts

12

were incurred primarily for personal, family or household purposes. *Piper*, 282 F. Supp. 3d at 912 (dismissing the plaintiff's FDCPA claim because the plaintiff failed to allege facts that show that the debt was incurred for "personal, family, or household purposes"); *Alston*, 2013 WL 665036, at *3 (same).

In this case, a plain reading of the amended complaint makes clear that the Plaintiff has not alleged facts to show that the Alleged Debts were incurred primarily for personal, family or household purposes to support his FDCPA claim. Rather the Plaintiff alleges that the Alleged Debts were "related to consumer transactions" and he describes his accounts as "consumer debts." ECF No. 24 at ¶¶ 12-15. But these factual allegations, without more, are insufficient to show the Alleged Debts are in fact primarily for personal, family or household purposes. *Piper*, 282 F. Supp. 3d at 912; *Alston*, 2013 WL 665036, at *3. And so, the Court cannot reasonably infer from the factual allegations in the amended complaint that the Alleged Debts are consumer debts under the FDCPA.

The amended complaint also lacks factual allegations to show that LVNV is a "debt collector" under the FDCPA, to support the Plaintiff's FDCPA. As the Fourth Circuit has explained, a debt collector is: "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Henson*, 817 F.3d at 136. But, in this case, the Plaintiff simply alleges in the amended complaint that LVNV is a "debt collector," without providing any factual allegations to support this assertion. ECF No. 24 at ¶¶ 3 and 52. *See generally* ECF No. 24. Notably, there are no facts in the amended complaint to show that LVNV's principal purpose is to collect debts; it regularly collects debts owed to another; or LVNV collects its own debts, using a name other than its own as if it were a debt collector. *See generally* ECF No. 24. The amended complaint also lacks facts to show that LVNV engaged in "unfair or unconscionable means to collect or attempt to collect" the Alleged Debts. 15 U.S.C. § 1692f. *See generally* ECF No. 24.

Given this, the Plaintiff does not state a plausible claim under the FDCPA in the amended complaint. And so, the Court also DISMISSES Count I of the amended complaint as to LVNV and Equifax.

### C. The Plaintiff Fails To State Plausible MCDCA And MCPA Claims

The Plaintiff's MCDCA and MCPA claims against LVNV in Counts II and III of the amended complaint are also problematic. To state a plausible MCDCA claim, the Plaintiff must allege facts to show that: (1) LVNV did not possess the right to collect the amount of debt sought and (2) LVNV attempted to collect the debt knowing that they lacked the right to do so. *See Chavis*, 264 A.3d at 1265. To prove a MCPA claim, the Plaintiff must also allege facts to show: "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Stewart*, 859 F. Supp. 2d at 768 (citation omitted). Where the Plaintiff bases their MCPA claim upon a violation of the MCDCA and the Plaintiff fails to state a violation of the MCDCA, the MCPA claim also fails. *Austin*, 2020 WL 7256564, at *5; *Dainty*, 2017 WL 750478, at *5.

Relevant here, the Fourth Circuit has held that the FCRA preempts state law claims that are based upon a furnisher allegedly reporting false or inaccurate information or performing an inadequate investigation into the accuracy of its reporting. *See Ross*, 625 F.3d at 813 (Fourth Circuit concluding state law statutory claims premised on a furnisher's alleged inaccurate reporting "run[] into the teeth of the FCRA preemption provision."). Such preemption by the FCRA includes claims brought under the MCDCA and MCPA. *See Brown*, 2024 WL 3993194, at *3 (dismissing MCDCA and MCPA claims based on allegedly inaccurate credit reporting as preempted under the FCRA); *Magruder*, 194 F. Supp. 3d at 388-389; *White*, 118 F. Supp. 3d at 872. And so, the Court must dismiss MCDCA and MCPA claims that are based upon alleged inaccurate credit reporting by a furnisher, because such claims are preempted by the FCRA.

In this case, the Court observes as an initial matter that the Plaintiff's MCDCA and MCPA claims in Counts II and III of the amended complaint appear to be preempted by the FCRA, because these claims are based upon LVNV's credit reporting. In this regard, a careful reading of the amended complaint shows that the Plaintiff's MCDCA and MCPA claims are based upon allegations that LVNV reported inaccurate information about his accounts to certain credit reporting agencies. ECF No. 24 at ¶¶ 30-32 and 38-39. Notably, the Plaintiff alleges that LVNV violated the MCDCA by, among other things; (1) violating the FDCPA; (2) improperly "attempting to collect on debts that [it] had no right to collect on by reporting the Alleged Debts on Plaintiff's credit report;" (3) "communicating information about the debts to the CRAs that LVNV Funding knew or should have known was false;" and (4) "failing to communicate to the

CRAs that [the] Plaintiff disputed the Alleged Debts." *See* ECF No. 24 at ¶¶ 30-32. The Plaintiff also alleges that LVNV violated the MCPA, through this same conduct, by violating the MCDCA. *Id.* at ¶ 43.

Given this, the Court reads the amended complaint to allege that the Plaintiff's MCPA and MCDCA claims arise from LVNV's alleged reporting of inaccurate credit information to CRAs. Such claims are "squarely preempted by the plain language of the FCRA." *Ross*, 625 F.3d at 813; *see also Brown*, 2024 WL 3993194, at *3 ("Plainly, the FCRA preempts *all* state statutory claims arising from reporting inaccurate information to credit reporting agencies.") (emphasis added). And so, the Court must DISMISS the Plaintiff's MCDCA and MCPA against LVNV as preempted by the FCRA.

To the extent that the Plaintiff's MCDCA and MCPA claims are not preempted by the FCRA, the amended complaint also makes clear that these claims are not plausible. As discussed above, the Plaintiff alleges in the amended complaint that LVNV violated the MCDCA and, in turn, the MCPA, by violating the FDCPA. ECF No. 24 at ¶¶ 37 and 43. But, as also discussed above, the Plaintiff fails to state a plausible FDCPA claim in this case, because the amended complaint lacks facts to show that the Alleged Debts are primarily for personal, family or household purposes, or that that LVNV is a debt collector. *Id.* at ¶¶ 3 and 12-15. *See generally id.* Given this, the Plaintiff also fails to state a plausible claim under Section 14-202(11) of the MCDCA.

The Plaintiff's claim that LVNV violated Section 14-202(8) of the MCDCA is also not plausible. In the amended complaint, the Plaintiff alleges that LVNV violated Section 14-202(8) of the MCDCA, which prohibits a collector from "claiming, attempting or threatening to enforce a right with knowledge that the right does not exist," by claiming that the Plaintiff owed LVNV for the accounts, even though LVNV "knew or should have known" he did not. *Id.* at ¶¶ 38-39; Md. Code Ann., Com. Law § 14-202(8). This claim is premised upon the Plaintiff's belief that LVNV did not own his accounts, or have the right to collect the Alleged Debts. *See* ECF No. 24 at ¶¶ 38-39.; *see also id.* at ¶¶ 11-19. But, as discussed above, there are no factual allegations in the amended complaint to show that LVNV did not actually own the Plaintiff's accounts. *See generally id.* Nor are there factual allegations in the amended complaint to show that LVNV knew that it did not own the Plaintiff's accounts when it sought to collect a debt. *See generally id.*

15

Without such factual allegations, the amended complaint simply does not plausibly allege that LVNV violated Section 14-202(8), by claiming that the Plaintiff owed LVNV for the Alleged Debts, even though LVNV knew or should have known that he did not.  And so, for each of these independent reasons, the Court also DISMISSES the Plaintiff's MCDCA and MCPA claims against LVNV in Counts II and III of the amended complaint.

### D. The Plaintiff Fails To State A Claim For Defamation

As a final matter, the amended complaint also makes clear that the Plaintiff fails to state a plausible defamation claim against LVNV in this case.  To state a defamation claim, the Plaintiff must allege facts to show that: (1) LVNV made a defamatory statement to a third person; (2) the statement was false; (3) LVNV was legally at fault in making the statement; and (4) he suffered harm.  *See Indep. Newspapers*, 966 A.2d at 448 (citation and internal quotation marks omitted).  Relevant to the defamation claim at issue in this case, the FCRA prohibits a consumer from bringing a defamation claim that is based upon, among other things, the reporting of information to a consumer reporting agency.  15 U.S.C. § 1681h(e); *Beuster*, 435 F. Supp. 2d at 479.  And so, the FCRA prevents the Plaintiff from bringing a defamation action against a furnisher of information, "except as to false information furnished with malice or willful intent to injure such consumer."  *Beuster*, 435 F. Supp. 2d at 479 (citing 15 U.S.C. § 1681h(e)).

 "To establish malice, [the] Plaintiff must allege that a defendant published material while entertaining serious doubts as to the truth of the publication or with a high degree of awareness of probable falsity."  *Id*. at 480 (citation omitted).  This Court has also held that a plaintiff sufficiently alleges willfulness when a complaint alleges facts that show that a defendant "knowingly and intentionally committed an act in conscious disregard for the rights of others."  *Id*. at 479 (citation omitted).

Here, the amended complaint lacks sufficient factual allegations for the Plaintiff to state a plausible claim for defamation against LVNV based upon the reporting of the Alleged Debts.  As discussed above, the amended complaint lacks factual allegations to show that LVNV reported any inaccurate financial information about the Plaintiff's account.  *See generally* ECF No. 24; *Indep. Newspapers*, 966 A.2d at 448.  More importantly, there are no factual allegations in the amended complaint to show that LVNV reported any inaccurate information about the Alleged Debts with malice or with willful intent to injure the Plaintiff.  ECF No. 24 at ¶ 77 (alleging only that LVNV "knew the CRAs would furnish credit reports containing its inaccurate information to

16

third parties."). *See generally* ECF No. 24. Given this, the Plaintiff has not alleged facts that, taken as true, could overcome the FCRA's general prohibition to defamation claims that are based upon the reporting of information to a CRA. *See generally* ECF No. 24; 15 U.S.C. § 1681h(e); *Beuster*, 435 F. Supp. 2d at 479. And so, the Court also DISMISSES the Plaintiff's defamation claim against LVNV in Count VII of the amended complaint.

## V.      CONCLUSION

In sum, a careful reading of the amended complaint shows that the Plaintiff fails to state a claim under the FCRA and the FDCPA. In addition, the Plaintiff's MCPA and MCDCA claims are preempted by the FCRA, and the Plaintiff otherwise fails to state a claim under these statutes. Lastly, the Plaintiff fails to state a plausible claim for defamation against LVNV in this case.[3]

And so, for the foregoing reasons, the Court:

(1) **GRANTS** Defendant LVNV's motion to dismiss (ECF No. 28);

(2) **GRANTS** Defendant Equifax's motion to dismiss (ECF No. 29); and

(3) **DISMISSES** the amended complaint as to Defendants LVNV and Equifax.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[3] The Plaintiff appears to also seek leave to further amend the amended complaint in his responses in opposition to the Defendants' motions to dismiss. ECF No. 34-1 at 3; ECF No. 35-1 at 15. But the Plaintiff fails to identify the factual allegations that would be added to the amended complaint that would cure the deficiencies identified by the Court. Given this, any amendment would be futile. And so, the Court denies the Plaintiff's request for leave to amend the amended complaint. *See* Fed. R. Civ. P. 15; *Van Leer v. Bank Sec., Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012).